By the Court—Bosworth, Ch. J;
This action is brought to recover damages, for forcibly and unlawfully evicting the plaintiff from 22 John street, and for taking *247 plaintiff’s personal property, which was therein,'and converting it to the defendant’s use. The answer, first, denies all the allegations of the complaint, and, second, avers that, on the 14th of February, 1861, the plaintiff assigned to the defendant “ all his said plaintiff’s property mentioned in said complaint or otherwise.”
The Jury have found that the defendant rented the premises in question to the plaintiff, for one year, from May 1, 1861, and subsequently dispossessed him unlawfully.
The plaintiff testified on the trial, that, between the 20th and 26th of May, 1861, the defendant excluded him from the premises.
“ The defendant, in dispossessing me, had all my tools, my patent papers and my drafts for applying these independent seconds, and I could not go on afterward; I had nothing to refer to.”
He testified that he assigned, on the 15th of February,. 1861, his property*to the defendant, and delivered to him the property specified in the assignment. That, subse- . quent to that, and before the eviction, he received other property, on consignment, for sale, which he specified. He says: “I delivered him (the defendant) possession of such property as was in the schedule of the assignment. The other property he tools possession of was after he ejected me.”
“ This lot of guns the defendant seized, I had sold to a house on Broadway; these are the guns I bought of Mr. Bobbins, and paid cash for; they were sold but not delivered; they were to be delivered in about three days after he ejected me; these guns were in the store when I was ejected; I think they were there about a week previous.”
This evidence, uucontradicted or unexplained; would justify a verdict that the defendant wrongfully took into his possession the property which the plaintiff specified, and which he swore he procured after the assignment was made. Any one reading it, would naturally understand the plaintiff as testifying and intending to be understood *248 as testifying that the defendant took actual possession and control of this personal property, claiming the right to control it.
It is evident that the defendant’s counsel so understood it. Eor, subsequently, (and after the complaint was dismissed as to this cause of action,) and in giving his version' of what occurred, when the policeman came there about an hour after the dispossessing, he says : “ I stated to the policeman that he (the plaintiff) did not belong there; that I was assignee and held the property, whatever there was, and I then and there stated he could not come in ; neither could the officer.”
This makes it very clear, that the defendant excluded and intended to exclude the plaintiff from the possession of every item of personal property, and that he took actual possession, under a claim of right, of every article of it.
I think it was error to nonsuit the plaintiff. Whether the Jury would have found that the plaintiff had bought property after the assignment, which the defendant took when he ejected the plaintiff—is another question. If they, had, their verdict would not be against evidence. The Jury believed him, in respect to the fact of his having hired a part of the store from the defendant.
It was not a case for vindictive damages, and the defendant in fact, and in good faith, believed that there was no property there, except the assigned premises. But if entitled to recover anything, the plaintiff was entitled to his actual damages. If his testimony was credited, they amounted to more than six cents. If he was at the time receiving $120 per week, and paying workmen only $24, and this business was entirely broken up, the damages were more than six cents.
The uncertainty how long he would earn profits, may be a good reason for not allowing, for a loss of profits beyond the time the evidence showed they would be earned. But, it cannot be possible, that a man in actual business, shown to be at the time actually profitable, is restricted to six cents damages, for the entire and sudden *249 destruction of the business. (St. John v. The Mayor, &c., 6 Duer, 315; 3 Bosw., 483.)
The verdict should be set aside, and a new trial granted, with costs to abide the event.